**CAUSE NO. _____**

| | | |
|---|---|---|
| JOSIE JUAREZ | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § | |
| | § | |
| VS. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| | § | |
| | § | |
| KROGER CO and KROGER TEXAS LP | § | |
| *Defendant*. | § | ____ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE COURT:**

This action is filed on behalf of JOSIE JUAREZ, Plaintiff, against KROGER CO and KORGER TEXAS LP, Defendants. This action arises from the negligence and gross negligence of Defendants. In support of Plaintiff's petition, Plaintiff submits the following:

### A. DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3 because this suit is not governed by Texas Rule of Civil Procedure 190.2 or 190.4.

### B. STATEMENT REGARDING RELIEF

2. Pursuant to TEX. R. CIV. P. 47(B) and (C), Plaintiff states that she seeks monetary relief more than $200,000 but no more than $1,000,000 and the damages sought are within the Court's jurisdictional limits. This suit is not an expedited action under TEX. R. CIV. P. 169 because Plaintiff seeks monetary relief in excess of $100,000 for the damages she has suffered as a result of the incident made the basis of this lawsuit.

**EXHIBIT A**

## B. PARTIES

3. Plaintiff is Josie Juarez. Plaintiff may be served by and through her attorney of record: Benjamin R. Roberts, 5252 Westchester Street, Suite 210, Houston, Texas 77005.

4. Defendant, Kroger Company, (hereinafter "Defendant"), is a corporation and may be served with process through its registered agent of service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 East 7th Street, Ste. 620 Austin, Texas 78701. **SERVICE IS REQUESTED AT THIS TIME.**

5. Defendant, Kroger Texas LP, (hereinafter "Defendant"), is a corporation and may be served with process through its registered agent of service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service, 211 East 7th Street, Ste. 620 Austin, Texas 78701. **SERVICE IS REQUESTED AT THIS TIME.**

## C. REQUEST PURSUANT TO RULE 28/MISNOMER/ALTER EGO

6. To the extent that a Defendant is conducting business pursuant to a trade name or assumed name, then suit is brought against Defendant pursuant to the terms of Rule 28 of the Texas Rules of Civil Procedure, and Plaintiff demands that, upon answer to this petition, Defendant answer in its correct legal name. In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## D. JURISDICTION

7. The amount in controversy is within the jurisdictional limits of this Court.

### E. Venue

8.  Venue is proper pursuant to Civil Practice & Remedies Code § 15.002 in that all or a substantial part of the acts and/or events that give rise to Plaintiff's claims occurred in Galveston County, Texas. In addition, Defendants did and continues to do business in Galveston County, Texas. Thus, venue is proper.

### F. Facts

9.  On May 12, 2019 Plaintiff was exiting a grocery store, located at 250 S. Egret Bay Blvd., League City, Tx. 77573, that was owned and managed by Defendants. After coming down the handicap assistance ramp, Plaintiff's walker wheel was caught in a hole in the pavement which caused her to fall and sustain injury.

10. As a result of this dangerous and hidden condition, Plaintiff suffered injuries to her shoulder, neck, and knees. Defendants had actual or constructive knowledge of the dangerous condition that posed an unreasonable risk of harm and proximately caused Plaintiff's injuries but failed to take reasonable care to reduce or eliminate this risk.

### G. Cause of Action—Negligence

11. Herein, Plaintiff alleges negligence against Defendants. Defendants owed Plaintiff a legal duty. Defendants committed various acts and omissions of negligence, which both individually and collectively were the proximate cause and producing causes of the occurrence and the injuries sustained by Plaintiff. Plaintiff is entitled to actual damages (economic and non-economic), nominal damages, and exemplary damages. Herein, Plaintiff pleads for recovery of all damages afforded to him under the law and seeks liquidated and un-liquidated damages within the jurisdictional limits of this Court.

### H. CAUSE OF ACTION—GROSS NEGLIGENCE (COMMON LAW AND BY STATUTE)

12. Herein, Plaintiff alleges gross negligence against Defendants. Defendants acted with malice and/or conscious disregard for human safety. The acts and omissions of Defendants was committed with complete and reckless disregard for, and with willful, wanton and actual conscious indifference to the rights, safety and welfare of Plaintiff. Such conduct was reckless and/or done with an intentional state of mind. Specifically, Defendants made repeated conscious decisions, with subjective knowledge and awareness of the risks and hazards presented by each decision, to expose Plaintiff to hazards and callously disregarded a culture of safety. The nature of Defendants' acts and omissions were of such a nature as to constitute gross negligence. Such gross negligence was a proximate cause of the occurrence, Plaintiff's injuries, and Plaintiff's damages. Thus, Plaintiff is entitled to punitive and/or exemplary damages.

### I. THEORY OF LIABILITY—PREMISE LIABILITY

13. Herein, Plaintiff alleges that Defendants had actual or constructive knowledge of condition(s) on its premises that posed an unreasonable risk of harm to Plaintiff, but the Defendants through its negligence, gross negligence, intentional, knowing, and/or reckless conduct failed to exercise reasonable care to reduce or eliminate the risk.

14. On the date of the incident, Plaintiff was an invitee of Defendants, as she was on the premises for the benefit of Defendants.

15. Defendants, as building manager and owner of the premises at which Plaintiff was an invitee, owed Plaintiff a duty to exercise ordinary care to protect Plaintiff from those risks that Defendants were actually aware, and also to protect Plaintiff from

those risks that Defendants should have been aware after reasonable inspection. Defendants, through its agents, servants, or employees, breached its duty to Plaintiff and was guilty of the following acts of negligence, any one of which, taken either separately or concurrently with another, was a proximate cause of the Plaintiff's injury and damages:

- Failure to maintain pavement;
- Failure to adequately warn Plaintiff of danger; and
- Failure to exercise ordinary care to reduce or eliminate the risk of the hazardous condition of the damaged pavement.

16. Defendants had actual or constructive knowledge of the premises, specifically the hole in the pavement. This condition posed an unreasonable risk of harm. Defendants knew or reasonably should have known of the danger. However, Defendants failed to exercise ordinary care to protect Plaintiff from the danger, by failing to adequately warn Plaintiff of the risk of a slip and fall, failing to make that condition reasonably safe, and failing to take adequate action to reduce the risk. The Defendants' negligent, gross negligent, intentional, knowing, and/or reckless failure to use the care warranted under the circumstances was a proximate cause of the injuries and damages to the Plaintiff.

### J. COMMON LAW AND STATUTORY DAMAGES

17. Plaintiff's damages include all damages available under common and statutory law, including but not limited to, actual damages, exemplary damages, court costs, and interest. Plaintiff also seeks unliquidated damages within the jurisdictional limits of this court.

### K. EXEMPLARY DAMAGES

18. Plaintiff's injury resulted from Defendant's gross negligence, malice, or actual fraud, which entitles Plaintiff to exemplary damages under Texas Civil Practice & Remedies Code section 41.003(a).

### L. JURY DEMAND

19. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

### M. REQUEST FOR DISCLOSURE

20. Plaintiff hereby requests that the Defendant disclose the information set forth in Texas Rule of Civil Procedure 194.2 within the time prescribed by law and that Defendant supplement such responses on an ongoing basis as soon as additional information becomes known.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendant for damages and all other relief to which Plaintiff is entitled.

Respectfully submitted,

BENJAMIN ROBERTS LAW, PLLC

*/s/ Benjamin R. Roberts*
Benjamin R. Roberts
Tx. Bar Roll No. 24068038
ben@benjaminrobertslaw.com
5252 Westchester Street, Suite 210
Houston, Texas 77005
713-609-1898 (Telephone)
713-456-2831 (Facsimile)

**ATTORNEY FOR PLAINTIFF**